IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-03011-SKC

ALEJANDRO RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora Contract Detention Facility,
U.S. ATTORNEY GENERAL,
DAVID VENTURELLA, Acting Director of ICE, and
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. 1. Respondents were ordered to respond to the Petition and show cause why it should not be granted. Dkt. 6. On August 4, 2026, Respondents filed a Response. Dkt. 9. For the reasons set forth below, the Court GRANTS Petitioner's Application.

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1 at 1. Petitioner alleges he is a native and citizen of Cuba and was granted lawful permanent resident status after he entered the United States in 1990. *Id.* at 6. Petitioner further alleges his order of removal became administratively final in 1996, and he was released from ICE custody on an order of supervision in 1998. *Id.* Petitioner alleges that ICE revoked the order of supervision and detained him on May

3, 2026, without notice or an opportunity to be heard prior to detention. *Id.* at 2, 6. Based on the foregoing, Petitioner asserts a due process challenge to his arrest and continued detention. *Id.* at 7. As relief, Petitioner seeks immediate release from custody subject to the conditions in the prior order of supervision. *Id.* at 14. Respondents make no argument that Petitioner's ongoing detention is justified. *See* Dkt. 9 at 1-2 ("[F]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition.").

**ANALYSIS**

The Court applies the three-factor test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), in considering Petitioner's due process claim. *See Hidalgo Anazco v. Baltazar*, No. 26-cv-01133-PAB, 2026 WL 1004485, at *2 (D. Colo. Apr. 14, 2026) ("When noncitizens who were released under the ATD program and later re-detained bring due process claims, courts have relied on the three-factor test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)."); *see also Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *4 (D. Colo. Mar. 5, 2026); *Sanchez Henao v. Hernandez*, No. 26-cv-00707-LK, 2026 WL 905035, at *5 (W.D. Wash. Apr. 2, 2026). The relevant factors are the following:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

The first factor weighs in Petitioner's favor because "the interest in being free from physical detention by one's own government" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Rizo Gomez v. Blanche*, 26-cv-00905-SMD-JHR, 2026 WL 1045901, at *2 (D.N.M. Apr. 17, 2026) ("While the Court recognizes that neither authorized release nor employment authorization constitutes legal authorization to remain in the country, any revocation of the protected interests arising from these circumstances must still comport with constitutional procedural safeguards.").

With respect to the second factor, the Court notes that Petitioner previously was released from immigration detention on supervised release. Respondents offer no explanation for why petitioner's supervised release was revoked, and there is no indication that Petitioner is a danger to the community or a flight risk. *See Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration omitted); *Uzcategui v. Brooksby,* No. 26-cv-00020-DN-PK, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not

contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor also weighs in favor of Petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies Petitioner's re-detention are low when compared to Petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in redetaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Thus, the third *Mathews* factor also weighs in Petitioner's favor.

Pursuant to *Mathews*, the Court finds that Petitioner's due process rights were violated. Therefore, the Court must determine the appropriate remedy. Relying on

*Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Respondents "submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." Thus, the Court will grant the habeas petition and order Petitioner's immediate release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (finding that immediate release is the appropriate remedy "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger").

Because Respondents do not contest Petitioner's claim that he is entitled to immediate release on an order of supervision, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED** and the Court **ORDERS**

as follows:

1. Petitioner shall be immediately released from custody.

2. Respondents shall file a status report within **five days** of Petitioner's release.

DATED August 24, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge